IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLIED WORLD SPECIALTY INSURANCE ) <br> COMPANY f/k/a DARWIN NATIONAL ) <br> ASSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> ARMCO, LLC d/b/a AARON'S SALE & ) <br> LEASE and EVELYN FLORES ) <br> ) <br> Defendants. ) | Case No.: <br><br> *Jury Trial Demanded* |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Allied World"), by and through its attorneys, BatesCarey LLP, and for its Complaint for Declaratory Judgment, states as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage dispute. Allied World issued a liability insurance policy to Defendant Armco, LLC ("Armco"). The policy is a "claims made and reported" policy, which means that any **Claim**[1] reported to Allied World for coverage under the policy must be: (a) first made during the **Policy Period**, and (b) reported to Allied World as soon as practicable, but in no event later than 90 days after expiration of the policy. Otherwise, Armco is not entitled to coverage for the **Claim** under the policy.

2. On or about April 5, 2018, more than a year after the Allied World policy expired, Armco provided first notice to Allied World of a lawsuit filed against Armco by a former

---

[1] Terms in bold are defined in the Allied World policy.

employee, Evelyn Flores ("Ms. Flores"). The lawsuit was not first made during the **Policy Period**. Therefore, Allied World owes no coverage for the lawsuit.

3. To the extent Armco believes the lawsuit relates back to an EEOC charge previously filed by Ms. Flores against Armco and that it further believes the EEOC charge was first made during the **Policy Period**, any such **Claim** was reported on or about April 5, 2018, more than 90 days after the Allied World policy expired on March 9, 2017. Accordingly, Allied World owes no coverage.

4. Other terms and conditions of the policy also bar or limit coverage.

## PARTIES

5. Allied World is a corporation organized under the laws of Delaware with its principal place of business located in New York.

6. Armco is an Illinois limited liability company with its principal place of business in this District. Armco's members are citizens of Illinois.

7. Defendant Evelyn Flores is a citizen of Wisconsin. Ms. Flores is named as a Defendant here only to the extent she is required to be named as a necessary or indispensable party.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202, as Allied World seeks a declaration of the parties' rights and obligations under a policy issued by Allied World. Jurisdiction is also conferred by 28 U.S.C. § 1332(a), as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that Armco is a resident within this District, and a substantial part of the events or omissions giving rise to this action occurred within this District.

## ALLIED WORLD POLICY

10. Allied World issued a ForceField$^{SM}$ Private Company Management Liability Package Policy, Policy No. 0303-8615, containing an Employment Practices Liability Coverage Section (the "EPL Coverage Section"), to Armco for the **Policy Period** March 9, 2016 to March 9, 2017 (the "Policy"). The Policy contains an EPL Coverage Section Limit of Liability of $1 million, subject to a $10,000 Retention. A true and correct copy of the Policy is attached hereto as Exhibit A.

11. The Policy was not renewed following its expiration on March 9, 2017.

12. The Insuring Agreement set forth in Section I.A. in the EPL Coverage Section of the Policy states as follows:

> The **Insurer** shall pay on behalf of any **Insured** the **Loss** arising from a **Claim**, first made during the **Policy Period** (or Discovery Period, if applicable) against such **Insured** for any **Wrongful Act**, and reported to the **Insurer** in accordance with Section V. of the General Terms and Conditions and Section IV. of this Coverage Section.

(Ex. A, PP 00010 00 (01/10) at p. 1).

13. Section II.B. of the EPL Coverage Section of the Policy defines **Claim** to mean any:

>    (1)   written demand for monetary, non-monetary or injunctive relief made against an **Insured**;
>
>    (2)   judicial, administrative or regulatory proceeding, whether civil or criminal, for monetary, non-monetary or injunctive relief, commenced against an **Insured**, including any appeal therefrom, which is commended by:
>
>          (a) service of a complaint or similar pleading;

3

        (b) return of an indictment or similar document (in the case of a criminal proceeding); or

        (c) receipt or filing of a notice of charges;

(3) arbitration or mediation proceeding commenced against an **Insured** by service of a demand for arbitration or mediation;

(4) notification of an investigation of an **Insured** by the Equal Employment Opportunity Commission ("EEOC") or similar governmental agency commenced by the filing of a notice of charges, formal investigative order or similar document;

(5) audit of an **Insured** conducted by the United States of America Office of Federal Contract Compliance Programs ("OFCCP"), but only if commenced by the receipt of a notice of violation, order to show cause, or a written demand for monetary or non-monetary or injunctive relief; or

(6) written request to toll or waive the applicable statute of limitations, or to waive any contractual time-bar, relating to a potential **Claim** against an **Insured** for a **Wrongful Act**.

Section II.B. further provides that "[a] **Claim** shall be deemed first made when any **Insured** first receives notice of the **Claim**." (Ex. A, PP 00010 00 (01/10) at p. 2).

14. Section V.B. of the General Terms and Conditions of the Policy provides, in relevant part, that "in no event shall notice of any **Claim** be provided to the **Insurer** later than ninety (90) days after the end of the **Policy Period** or Discovery Period if applicable." (Ex. A, PP 00004 00 (01/10) at p. 4).

## THE LAWSUIT

15. Armco d/b/a Aaron's Furniture & Lease is a furniture leasing store. Ms. Flores worked for Armco as an Account Associate in the Customer Accounts Department.

16. On February 20, 2018, Ms. Flores filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 18-cv-01262 captioned *Evelyn Flores v. Armco LLC* (the "Lawsuit"). A true and correct copy of the complaint filed in the Lawsuit is attached hereto as Exhibit B.

17. In the Lawsuit, Ms. Flores alleges that she was discriminated against because of her disability, Stage 4-Breast Cancer, and that she was terminated in retaliation for seeking an accommodation for her disability.

18. Paragraph 15 of the complaint in the Lawsuit alleges that Ms. Flores previously filed a discrimination charge against Armco with the Equal Employment Opportunity Commission (the "EEOC Charge") and that Ms. Flores was sent a right-to-sue-letter. (Ex. B at ¶15).

19. Armco provided first notice of the Lawsuit to Allied World on or about April 5, 2018.

20. Armco did not provide notice of the Lawsuit to Allied World within 90 days of March 9, 2017.

21. Armco did not provide notice of the EEOC Charge to Allied World prior to April 5, 2018.

22. Armco did not provide notice of the EEOC Charge to Allied World within 90 days of March 9, 2017.

**INSURANCE COVERAGE DISPUTE**

23. Armco seeks insurance coverage from Allied World under the Policy in connection the Lawsuit.

24. Allied World denies there is coverage under the Policy for the Lawsuit or the EEOC Charge.

25. An actual, present, and bona fide controversy exists between Allied World and Armco with respect to whether there is insurance coverage for the Lawsuit or the EEOC Charge under the Policy.

26. A judicial declaration is necessary to establish the parties' right and duties, if any, under the Policy.

## COUNT I – DECLARATORY JUDGMENT

### (No Claim Made During the Policy Period)

27. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 26 as if fully set forth herein.

28. Coverage under Section I.A. in the EPL Coverage Section is not triggered unless a **Claim** is first made during the **Policy Period**, i.e. March 9, 2016 to March 9, 2017.

29. Section II.B. of the EPL Coverage Section provides that a **Claim** is first made when an **Insured** receives notice of it.

30. The Lawsuit was filed on February 20, 2018.

31. Armco was served with a copy of the complaint in the Lawsuit on or about March 19, 2018.

32. Armco therefore received notice of the Lawsuit on or about March 19, 2018.

33. Accordingly, there is no coverage for the Lawsuit under the Policy because the Lawsuit was not first made during the **Policy Period,** i.e. March 9, 2016 to March 9, 2017.

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT

### (Untimely Notice)

34. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 33 as if fully set forth herein.

35. Section II.F. of the Policy's General Terms and Conditions defines **Related Claims** as "all **Claims** for **Wrongful Acts** based upon, arising out of, or in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events." (Ex. A, PP 00004 00 (01/10) at p. 2).

36. Section V.D. of the Policy's General Terms and Conditions provides that "[a]ll **Related Claims** shall be deemed to be a single **Claim** made on the date on which the earliest **Claim** within such **Related Claims** was first made, or when the earliest **Claim** within such **Related Claims** is treated as having been made in accordance with Section V.C. above, whichever is earlier." (Ex. A, PP 00004 00 (01/10) at p. 4).

37. Section V.B. of the General Terms and Conditions of the Policy requires the **Insureds** to report any **Claim** in no event later than 90 days after the expiration of the **Policy Period**.

38. To the extent Armco alleges the EEOC Charge and the Lawsuit are **Related Claims** and thus a single **Claim** first made during the **Policy Period** (neither of which Allied World concedes), Armco did not report either **Claim** to Allied World within 90 days after expiration of the Policy. Therefore, there is no coverage for the EEOC Charge or the Lawsuit under the Policy.

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT

### (Definition of "Loss")

39. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 38 as if fully set forth herein.

40. Pursuant to the Policy's EPL Coverage Section Insuring Agreements, coverage is only available for **Loss** arising from a **Claim**.

41. **Loss** is defined under Section II.P. of the EPL Coverage Section, as amended by Endorsement No. 1, to mean in relevant part:

> (1) damages (including back pay and front pay), settlements, or judgments …
>
> (3) costs or fees awarded in favor of the claimant; …
>
> (5) **Defense Costs**.
>
> "**Loss**" does not include:
>
> (a) amounts which the **Insureds** are not legally liable;
>
> (b) amounts which are without legal recourse to the **Insureds**;
>
> (c) taxes;
>
> (d) fines or penalties …;
>
> (e) amounts deemed uninsurable under applicable law;
>
> (f) any costs or liability incurred by any **Insured** to modify any building or property to make it more accessible or accommodating to any disabled person, or in connection with any educational, sensitivity or other corporate program, policy or seminar;

8

> (g) **Stock Benefits** due or to become due or the equivalent value of such **Stock Benefits**; or
>
> (h) Any future compensation, including any **Benefit**, for any person hired, promoted or reinstated pursuant to a judgment, settlement, order or other resolution of a **Claim**.
>
> However, this Coverage Section shall provide coverage for **Defense Costs** incurred in a **Claim** seeking amounts specified in paragraphs (a) through (h) above, subject to all other terms, conditions and exclusions of this Policy.

(Ex. A, PP 00010 00 (01/10) at pp. 4-5 and PP 00028 12 (01/10) at p. 3).

42. Coverage is not available for the Lawsuit or EEOC Charge to the extent any **Insured** incurs any amount in connection with the Lawsuit or EEOC Charge that falls outside the definition of **Loss**.

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## COUNT IV – DECLARATORY JUDGMENT
### (Exclusion III.A.)

43. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 42 as if fully set forth herein.

44. Exclusion III.A. of the Policy bars coverage for any **Loss** in connection with any **Claim**:

> alleging, arising out of, based upon or attributable to any deliberate criminal or deliberate fraudulent act or any willful violation of law by an

>       **Insured** if a final judgment or adjudication establishes that such act or violation occurred.

(Ex. A PP 00010 00 (01/10) at p. 7).

45. Coverage for the Lawsuit and/or EEOC Charge is barred to the extent that Exclusion III.A. applies.

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## COUNT V – DECLARATORY JUDGMENT
## (Exclusion III.F.)

46. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 45 as if fully set forth herein.

47. Exclusion III.F. of the EPL Coverage, as amended by Endorsement No. 2, bars coverage for **Loss** in connection with any **Claim**:

>       alleging, arising out of, based upon, attributable to bodily injury, sickness, mental anguish, emotional distress, disease or death of any person, or damage to or destruction of any tangible property, including the loss of use thereof; provided, however, that this Exclusion shall not apply to that portion of a **Claim** seeking damages for emotional distress or mental anguish resulting from a **Wrongful Act** of an **Insured**[.]

(Ex. A, PP 00032 00 (01/10) at p. 1).

48. Coverage for the Lawsuit and/or EEOC Charge is barred to the extent Exclusion III.F. applies.

10

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## COUNT VI – DECLARATORY JUDGMENT

### (Exclusion III.I.)

49. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 48 as if fully set forth herein.

50. Exclusion III.I. of the EPL Coverage bars coverage for **Loss** in connection with any **Claim**:

> alleging, arising out of, based upon or attributable to any obligation pursuant to any worker's compensation, disability benefits, unemployment compensation, unemployment insurance, retirement benefits, social security benefits or similar law; provided however, that this Exclusion shall not apply to any **Claim** for **Retaliation**.

(Ex. A, PP 00010 00 (01/10) at p. 8).

51. Coverage for the Lawsuit and/or EEOC Charge is barred to the extent Exclusion III.I. applies.

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## COUNT VII – DECLARATORY JUDGMENT

### (Public Policy)

52. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 51 as if fully set forth herein.

53. Coverage is not available for the Lawsuit and/or EEOC Charge to the extent prohibited by public policy.

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## COUNT VIII – DECLARATORY JUDGMENT

### (Cooperation)

54. Allied World incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 53 as if fully set forth herein.

55. Section V.C. of the EPL Coverage, as amended by Endorsement No. 6, provides "[f]rom the date the **Claim** is first made against an **Insured** to the date when the **Insurer** takes on the defense of such **Claim**, the **Insureds** shall take no action, or fail to take any required action, that prejudices the rights of any **Insured** or the **Insurer** with respect to such **Claim**." (Ex. A, PP 00136 00 (06/10) at p. 1).

56. Section V.E. of the EPL Coverage, as amended by Endorsement No. 6, further provides "[t]he **Insurer** shall have the right to investigate and conduct negotiations and, with the

**Insured's** consent, which shall not be unreasonably withheld, enter into the settlement of any **Claim** that the **Insurer** deems appropriate." (Ex. A, PP 00136 00 (06/10) at p. 1).

57. Coverage is not available for the Lawsuit and/or EEOC Charge to the extent any **Insured** took any action(s) which prejudices the rights of Armco, including, but not limited to its right to investigate and conduct settlement negotiations.

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## COUNT IX – DECLARATORY JUDGMENT

### ("Other Insurance" Provision)

58. Allied World incorporates by reference each and every allegation set forth in the proceeding paragraphs 1 through 57 as if fully set forth herein.

59. Section VII. of the General Terms and Conditions of the Policy, as amended by Endorsement No. 1, Illinois Amendatory Endorsement, provides:

> A. The insurance provided by this Policy shall apply on a pro rata liability basis with any other valid and collectible insurance based on the proportion that the Limit of Liability of this Policy bears to the combined limits of liability for all policies, whether such other insurance is stated to primary, contributory, excess, contingent or otherwise, unless such other insurance is written specifically as excess insurance over the applicable Limit of Liability provided by this Policy. This Policy shall not be subject to the terms and conditions of any other insurance policy.

(Ex. A, PP 00028 12 (01/10) at pp. 1-2).

13

60. To the extent coverage for the Lawsuit and/or EEOC Charge is not otherwise barred entirely (which Allied World denies), coverage for the Lawsuit and/or EEOC Charge is limited to the extent Section VII. of the General Terms and Conditions of the Policies, as amended by endorsement, applies.

WHEREFORE, the Plaintiff, Allied World Insurance Company f/k/a Darwin National Assurance Company, requests that this Court enter a judgment:

(A) declaring that Allied World is not required to defend or indemnify Armco in connection with the Lawsuit and/or EEOC Charge; and

(B) awarding Allied World costs and any other relief as this Court deems just and proper.

## **RESERVATION OF RIGHTS**

The Policy contains terms, conditions, and exclusions that may be relevant to the Lawsuit and/or EEOC Charge. Nothing in this Complaint should be construed as a waiver by Allied World of any rights, remedies or defenses. Allied World continues to reserve all rights, remedies and defenses and waives none.

## **JURY DEMAND**

Allied World demands a jury trial.

DATED:   August 10, 2018                                  Allied World Specialty Insurance Company
                                                          f/k/a Darwin National Assurance Company


                                                     By:   /s/ Abigail E. Rocap
                                                           One of its Attorneys

Ommid C. Farashahi (6237045)
Michael T. Skoglund (6284010)
Abigail E. Rocap (6310024)
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, Illinois 60606
Telephone: 312-762-3100
Email: ofarashahi@batescarey.com
Email: mskoglund@batescarey.com
Email: arocap@batescarey.com

2013218_3